UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Edward Leroy Milner,<br><br>            Petitioner,<br><br>v.<br><br>Michelle Smith,<br><br>            Respondent. | Case No. 14-cv-4243 (PJS/HB)<br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Petitioner Edward Leroy Milner was convicted of burglary and felony domestic assault in Olmsted County, Minnesota, and was sentenced to a 78-month term of imprisonment as a result. *See State v. Milner*, No. A12-2138, 2014 WL 211220, at *1-2 (Minn. Ct. App. Jan. 21, 2014). That conviction and sentence were affirmed by the Minnesota Court of Appeals on direct review. *Id.* Milner has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging that conviction and sentence. The petition has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. This Court has conducted a preliminary review of Milner's habeas petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Based on that review, this Court recommends that Milner's petition be dismissed without prejudice for failure to exhaust state remedies.

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all of his claims.  28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).  The exhaustion requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners.  *Rhines v. Weber*, 544 U.S. 269, 273-74 (2005); *O'Sullivan*, 526 U.S. at 844; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Rose*, 455 U.S. at 518-19.  To exhaust state court remedies, a prisoner must present his constitutional claims to the highest available state court before seeking relief in federal court.  *O'Sullivan*, 526 U.S. at 845.

Milner freely acknowledges in the documents filed in connection with this case that he did not file a petition with the Minnesota Supreme Court for review of the Minnesota Court of Appeals decision affirming his conviction and sentence.  (*See* Doc. No. 4.)  Milner also acknowledges that he has not filed any motions for post-conviction review in state court by which the Minnesota Supreme Court could have examined the claims raised in his habeas petition.  (*See* Pet. 4 ¶ 10 [Doc. No. 1].)  In short, the Minnesota Supreme Court has never had any opportunity whatsoever to review Milner's contention that his Olmsted County conviction was in violation of the Constitution.  This is textbook failure to exhaust state remedies.

There are two limited exceptions to the requirement that a habeas petitioner first exhaust state remedies.  *See* 28 U.S.C. § 2254(b)(1)(B).  Neither exception applies here.

First, there is no indication that state remedies were not available to Milner. Indeed, it seems that Milner simply missed the deadline for petitioning the Minnesota Supreme Court for review, despite receiving an extension to file such a petition. Second, there do not appear to have been any circumstances that rendered direct appellate review of Milner's conviction ineffective to protect his rights. Milner suggests no reason for this Court to conclude that he *could not* have raised his claims for relief before the Minnesota Supreme Court had he attempted to do so within the prescribed time limits.

Because Milner has failed to fully exhaust the remedies available in the Minnesota state courts, this Court will recommend that this action be summarily dismissed pursuant to § 2254(b) and Rule 4 of the Rules Governing Section 2254 Cases. This Court recommends that the action be dismissed without prejudice, however, so that Milner can return to the state courts and attempt to exhaust his presently unexhausted claims by filing a motion for post-conviction relief pursuant to Minn. Stat. § 590.01.[1] Milner may return to federal court (if necessary) after the state courts, including the Minnesota

---

[1] At this point, it cannot be determined whether the state courts actually will adjudicate Milner's claims on the merits in a post-conviction motion. If any of the claims are found to be procedurally barred in the state courts, those claims will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or clear proof of actual innocence. *See Jones v. Jerrison*, 20 F.3d 849, 853 (8th Cir. 1994) ("Federal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)).

Supreme Court, have reviewed and decided all of the claims that he seeks to present in his federal habeas petition.  *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).[2]

Finally, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA").  *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Milner's current habeas corpus petition differently than it is being treated here.  Milner has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants federal appellate review.  It is therefore recommended that Milner not be granted a COA in this matter.

---

[2] If Milner does return to the state courts to exhaust his state court remedies, and if he should thereafter attempt to file another federal habeas petition, he should be mindful of the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  The statute of limitations has not yet expired in this case, and the statute of limitations will be tolled pursuant to 28 U.S.C. § 2244(d)(2) while any post-conviction proceedings are pending in the state courts.  That said, Milner could face a statute-of-limitations issue in the future if he does not diligently pursue state post-conviction relief and does not thereafter promptly commence a new federal habeas corpus action after he has exhausted his state court remedies.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that:

1. The Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1] be **DENIED WITHOUT PREJUDICE**;

2. Petitioner Edward Leroy Milner's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED AS MOOT**;

3. This case be **DISMISSED WITHOUT PREJUDICE**; and

4. No certificate of appealability be issued.


Dated: October 20, 2014                                  s/ *Hildy Bowbeer*
                                                                      HILDY BOWBEER
                                                                      United States Magistrate Judge


**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 7, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3,500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.