UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD LEROY MILNER, | Case No. 14-CV-4243 (PJS/HB) |
| Petitioner, | |
| v. | ORDER |
| MICHELLE SMITH, | |
| Respondent. | |

Edward Leroy Milner, pro se.

James P. Spencer, OLMSTED COUNTY ATTORNEY'S OFFICE, for respondent.

Petitioner Edward Leroy Milner was charged with first-degree burglary and felony domestic assault after he broke into an apartment and physically assaulted his girlfriend. *State v. Milner*, No. A12-2138, 2014 WL 211220, at *1 (Minn. Ct. App. Jan. 21, 2014). After being convicted by a jury, Milner was sentenced to 78 months' imprisonment for the burglary and domestic-assault offenses, and to an additional 30 days for contempt for disrupting his sentencing hearing. *Id.* at *2. Milner appealed his convictions, and the Minnesota Court of Appeals affirmed. *See id.*

Milner did not seek review in the Minnesota Supreme Court. He did request an extension of time to file a petition for review, and the Minnesota Supreme Court gave him an extension until January 27, 2014. ECF No. 4. But Milner never did file a petition

for review. *Id.* Nor did Milner seek post-conviction relief in a Minnesota state court. Instead, Milner filed this petition under 28 U.S.C. § 2254.

This matter is before the Court on Milner's objection to the October 20, 2014 Report and Recommendation ("R&R") of Magistrate Judge Hildy Bowbeer. Judge Bowbeer recommends that Milner's petition be dismissed without prejudice because he has not exhausted his state-court remedies. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court agrees with Judge Bowbeer's analysis and adopts her R&R.

Section 2254 requires that state prisoners exhaust their available state-court remedies before a federal court can consider their claims. 28 U.S.C. § 2254(b)(1)(A). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before applying for relief in federal court. *Welch v. Lund*, 616 F.3d 756, 758 (8th Cir. 2010) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Because Milner "has not invoked one complete round of Minnesota's appellate review process and can seek habeas relief in Minnesota state court[,]" this Court cannot grant relief to Milner.[1] *Beaulieu v. Minnesota*, 583 F.3d 570, 576 (8th Cir. 2009).

---

[1] Moreover, there is no indication that the two exceptions to the exhaustion requirement would apply here. *See* 28 U.S.C. §§ 2254(b)(1)(B)(i) and (ii) (exhaustion not required if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant").

In his objection to the R&R, Milner argues that he has sufficient cause and prejudice to excuse any procedural default. This argument is premature because it is not clear yet whether—and to what extent—Milner *has* procedurally defaulted his claims. "[I]t is preferable to have the Minnesota state courts, rather than the federal district court, decide which (if any) of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims are barred by the state's procedural rules." *Wesley v. Minnesota*, No. 06-4361, 2006 WL 3544890, at *2 (D. Minn. Nov. 3, 2006) (Report and Recommendation), *adopted*, 2006 WL 3611323, at *1 (D. Minn. Dec. 1, 2006). If Milner returns to state court, and he is found to have procedurally defaulted some or all of his claims, then Milner may file a § 2254 petition and attempt to show sufficient cause and prejudice to excuse that default. *See Reagan v. Norris*, 279 F.3d 651, 656 (8th Cir. 2002) ("[P]rocedurally-defaulted petitions [are barred] unless a habeas petitioner can 'demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law' . . . .") (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, the Court OVERRULES petitioner's objection [ECF No. 7] and ADOPTS the October 20, 2014 R&R [ECF No. 6]. IT IS HEREBY ORDERED THAT:

1.   Petitioner's 28 U.S.C. § 2254 petition is DENIED WITHOUT PREJUDICE.

2.   No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  January 5, 2015                                s/Patrick J. Schiltz
                                                       Patrick J. Schiltz
                                                       United States District Judge